UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL SERRANT,

       Plaintiff,                            Case No. 24-cv-11350

v.                                              Paul D. Borman
                                                   United States District Judge

MICHIGAN DISBURSEMENT
UNIT, ST. CLAIR SHORES POLICE
DEPARTMENT, POLICE CHIEF
JASON ALLEN, and MAYOR KIP
WALBY/CITY OF ST. CLAIR SHORES

       Defendants.
_____/

## ORDER OF DEFICIENCY FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

On May 22, 2024, Plaintiff Crystal Serrant, proceeding without counsel, filed her Complaint in this matter against four defendants: (1) Michigan Disbursement Unit; (2) St. Clair Shores Police Department; (3) Police Chief Jason Allen; and (4) Mayor Kip Walby/City of St. Clair Shores. (ECF No. 1.) Serrant lists over 30 federal statutes, mostly criminal, as the basis for federal question jurisdiction, and under her "Statement of Claim" asserts only "I have tried multiple times to inform these officials of my matter. Please see enclosed!" (*Id.* PageID.4-8.) Serrant however fails to attach or enclose any additional documents to her Complaint. She seeks "[a] total

of *$999 (Nine-hundred ninety-nine) Trillion U.S. Dollars! $999,000,000,000,000.*"

(*Id.* PageID.9 (emphasis added).)[1]

Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief includes: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and pain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Rule 8

---

[1] Plaintiff is a serial filer. On May 22, 2024, the same day Serrant filed the instant Complaint, she also filed three other almost identical complaints but against different groups of defendants: (1) *Serrant v. Enqi Real, et al.*, Case No. 24-11351; (2) *Serrant v. Rancillo, et al.*, Case No. 24-11352; and (3) *Serrant v. Perlman, et al.*, Case No. 24-11353, each assigned to a different Eastern District of Michigan district judge. The complaints in these three cases all assert jurisdiction under the same 30 plus federal statutes, assert "I have tried multiple times to inform these officials of my matter. Please see enclosed!" (but without enclosing any additional documents), and seek $999 trillion in damages.

In addition, Serrant had filed a prior federal lawsuit against a number of defendants over custody of her children in June 2023, *Serrant v. Real, et al.*, Case No. 23-11578. That complaint was summarily dismissed by Judge Laurie Michelson on August 2, 2023, and judgment was entered, because the court does not have jurisdiction over Plaintiff's claims involving her child-custody arrangement, and her allegations are otherwise insufficient to state a claim for relief. *Serrant v. Real, et al.*, Case No. 23-11578, ECF Nos. 8, 9. On May 22, 2024, the same day Serrant filed the instant lawsuit, Serrant filed an amended complaint in her case before Judge Michelson, naming four defendants, including Judge Michelson. *Id.* ECF No. 11. That amended complaint, like the instant Complaint, asserts jurisdiction under the same 30 plus federal statutes, asserts "I have tried multiple times to inform these officials of my matter. Please see enclosed!" and seeks $999 trillion in damages. Serrant however attached over 80 pages of additional documents to that amended complaint. *See id.* Judge Michelson entered an order on May 28, 2024, striking that amended complaint because the case was closed and Plaintiff docketed the amended complaint without proper leave of the Court to re-open the case or pursuant to Fed. R. Civ. P. 15. *Id.* ECF No. 12.

gives the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). While this notice-pleading standard does not require "detailed" factual allegations, *id.* at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual matter that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Court is mindful that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] pro se complaint, [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. P. 8(a)(2)).

After reviewing Plaintiff Serrant's Complaint in this case, the Court concludes that the Complaint fails to satisfy Rule 8. Under the "Basis for Jurisdiction," the Complaint lists over 30 federal statutes, most of which are criminal statutes that afford no private right of action. The Complaint's "Statement of Claim" states only "I have tried multiple times to inform these officials of my matter. Please see enclosed!" and it thus wholly fails to plead any factual content showing that Serrant is entitled to relief from any of the Defendants. The Complaint is in fact devoid of any factual allegations. Serrant does not describe conduct by each named Defendant, how the conduct is unlawful, a timeframe of when the alleged violations occurred, or plainly what injury to Serrant resulted. Absent such information, Serrant's pleading does not provide notice to Defendants of what she is alleging in this lawsuit. The Court therefore is unable to identify from the Complaint a basis for federal court jurisdiction or any possibility of a lawful claim for relief, and the Court is not obligated to entertain a civil action grounded only in the plaintiff's imagination. *See Dekoven v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.), *aff'd*, 22 F. App'x 496 (6th Cir. 2001).

For the reasons stated, the Court concludes that Plaintiff's current complaint fails to comply with Rule 8(a) and is subject to dismissal. Rather than dismissing this case, however, the Court concludes that Plaintiff should have the opportunity to correct her deficiency by filing an amended complaint. *See Kensu v. Corizon, Inc.*,

5 F.4th 646, 652 (6th Cir. 2021) ("[I]f a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal."). Dismissal is a "harsh sanction" that is generally appropriate only after the court gives "multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance." *Id.* at 653 (concluding that the district court did not abuse its discretion by dismissing the plaintiff's complaint after he was given two opportunities to conform it to Rule 8 but failed to do so); *see also Miller v. Alco Mgmt., Inc.*, No. 22-5825, 2023 WL 2607458, at *2 (6th Cir. Mar. 20, 2023) (vacating the district court's order dismissing the complaint and remanding for further proceedings because "before dismissing the case, the district court should have given Miller an opportunity to fix the deficiencies it identified in his complaint.").

    The Court notes for Serrant that there is a pro se clinic at the courthouse available to assist pro se parties. *See http://www.mied.uscourts.gov.* This clinic may be able to help Serrant better understand the Court's orders and may be able to help Serrant prepare a viable complaint.

Accordingly, Serrant may file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure within **fourteen (14) days** of the filing date of this Order. That complaint will supercede the current complaint. If she does not do so, the Court shall dismiss the current complaint without prejudice for failure to comply with Rule 8(a) and close this case.

IT IS SO ORDERED.

Dated: May 30, 2024                                   s/ Paul D. Borman  
                                                      Paul D. Borman  
                                                      United States District Judge